## No. 12,299.

J. I. CASE THRESHING MACHINE COMPANY *v.* DEZZUTTI.

(288 Pac. 1050)

Decided June 2, 1930.

Mr. F. L. GRANT, for plaintiff in error.

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, JR., for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE action is on a promissory note in the principal sum of $350. Judgment on the jury's verdict for the defendant was entered by the court. The note in suit is one of a series of five promissory notes aggregating $1,700 which the defendant gave to the plaintiff company as payment for a threshing machine which he bought of the plaintiff. The general assignments of error are that the verdict is contrary to the evidence and the law. The two specific assignments are that the trial court erred in refusing to give to the jury, at plaintiff's request, the two following instructions:

"The court instructs the jury that this case should be considered by you exactly the same as though it were between people or persons of equal standing in the community. The mere fact that one of the parties, namely, the plaintiff in this case, is a corporation should not make any difference with you whatsoever, but the rights of each party must be determined upon the evidence introduced in the case and also by the instructions given to you by the court which are the law and the only law to guide you in your deliberations."

"The court further instructs you that circumstantial evidence is legal evidence, and, in many cases where positive proof cannot be had, it is necessary to resort to circumstantial evidence to prove certain facts. It is often even more reliable than the direct positive statement of witnesses, especially when it points irresistibly or conclusively to the establishment of a fact."

The testimony in behalf of plaintiff, by its Denver manager and members of his office force, tends to show that the note in suit had not been paid. That of the defendant and his son and one or two other witnesses, and the circumstances that the note was in possession of the defendant before and at the time of trial, tend to show payment. It is conceded by the plaintiff that the note in suit had been sent by mail to, and the same was received by, the defendant before the action was begun, but the plaintiff claims that it was sent by mistake and

was not paid and was not stamped "paid." The force of this inference, however, may well have been found by the jury to have been weakened or overcome by the fact that two other notes of this series, which plaintiff admitted had been paid, had also been sent to the defendant and neither of them had been stamped as "paid." We refer to this principally because stress is laid by the plaintiff on the absence from the disputed note of the word "paid." It is also pertinent to say that where there are several notes of different due dates it is unusual for the maker to pay the later undue notes before he pays the earlier due ones.

In other important particulars there was a conflict in the evidence. Both the defendant and his son testify that the defendant paid this note in cash at the office of the company to the manager who promised within a day or two to send the note and a receipt of payment to the defendant by mail, and that in due course the note was so sent by the plaintiff and received by the defendant.

A reading of the record satisfies us that the judgment cannot be set aside on the ground of insufficient evidence in its support. It was for the jury to ascertain the facts and it found the facts in favor of the defendant. Indeed, what seems to be the chief reliance of the plaintiff is that prejudicial error was committed by the trial judge in not giving to the jury the two instructions above set out in extenso, which erroneous rulings of themselves the plaintiff says require a reversal. The mere fact that a party to a suit is a corporation does not, as matter of right, entitle it to an instruction such as was tendered by the plaintiff in this case. The testimony does not reveal any necessity for it. Speaking generally, the fact that resort to the courts for adjudicating a controversy is had presupposes generally that the parties are not, or may not be, in accord as to the facts. In most law suits the parties differ as to the facts. It is within the wise discretion of the trial judge to give or withhold an instruction like this. We do not find that

there was an abuse thereof in the court's refusal on this trial to give these tendered instructions or either of them. We are constrained to say that the giving of these instructions would not, in our judgment, have led the jury to return a verdict different from the one it reached.

▉▉ The tendered instruction as to circumstantial evidence was properly refused, if for no other reason, because there was no proper definition therein of circumstantial evidence. The jury, if the same had been given, would be obliged to determine for itself without any aid from the court what is, and what is not, evidence of that character. It was also improper to embody in this instruction the suggestion that the circumstantial evidence in this case pointed irresistibly or conclusively to the ascertainment of some fact, which is not designated. This requested instruction is too general to justify a court in allowing a jury to indulge in unrestricted speculation as to what its real meaning is.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.